IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ELRIDGE V. HILLS, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:18-CV-175 |
| A. BAKER, ET AL. | § | |

**MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Elridge V. Hills, Jr., a prisoner confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Lieutenant A. Baker, Assistant Warden Tresea Jefferson, Unit Grievance Investigator A. Stephenson, Inventory Officer A. Boullion, Assistant Warden J. Bell, Warden Harris, Mailroom Officer G. McNiel, Mailroom Officer S. Morgan, and an unidentified grievance investigator.

The court ordered that this matter be referred to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted an Initial Report and Recommendation of United States Magistrate Judge. The magistrate judge recommends dismissing the claims against defendants Baker, Jefferson, Stephenson, Boullion, Bell, and an unidentified grievance investigator pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings. Plaintiff filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the objections are without merit.

There is one claim that was not addressed by the magistrate judge's report and recommendation. Plaintiff contends that defendants Harris, McNiel, and S. Morgan violated his First Amendment right to free speech by refusing to deliver nude photographs he purchased from an adult entertainment company. Plaintiff alleges the defendants withheld the photographs pursuant to a prison policy regarding "Incoming Correspondence of a Sexual Nature." Censorship of a prisoner's incoming mail implicates a prisoner's First Amendment rights, but it is permissible if the censorship is reasonably related to the prison's legitimate penological interests. *Kuever v. Bond*, No. 92-7399, 1993 WL 4520, at *1 (5th Cir. Jan. 5, 1992) (unpublished) (citing *Powell v. Estelle*, 959 F.2d 22, 24 (5th Cir. 1992)). The United States Court of Appeals for the Fifth Circuit has held that a prisoner's First Amendment rights were not infringed by prison officials when they refused to deliver a nude photograph sent to the prisoner in the mail after the prison officials found that the photograph violated prison regulations. *Kuever*, 1993 WL 4520, at *1 (affirming the district court's dismissal for failure to state a claim). Because Plaintiff's First Amendment claim is indistinguishable from the claim in *Kuever*, it should also be dismissed for failure to state a claim upon which relief may be granted.

## ORDER

Accordingly, Plaintiff's objections (document no. 12) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge

2

(document no. 11) is **ADOPTED**. A final judgment will be entered in this case in accordance with this memorandum order.

    **SIGNED** this the 23 day of **March, 2022.**

_____
Thad Heartfield
United States District Judge